Defendant appellants in this matter have 20 minutes total. Have the defendants decided how they're going to split this time? We have, Judge. I represent Keith Priest. I'm Phil Hantel. I don't know what else I could add, so I was going to sort of donate my time to the rest of them, and I believe they were going to split that time equally among them. Okay, so you're going to rely on their arguments, then? No, I was going to rely on what I filed. I don't know that there's anything I could add to my brief. I'm sorry, and your name is? Phil Hantel. Okay, and you're for Mr. Priest. So you're allotting your time to other counsel. And then we have? They've raised a lot of issues beyond the ones that I've raised, and I think, in all fairness, they probably deserve more argument. All right, and what was the agreement on the other three? I'll let them address that. Good morning, Your Honor. I'm a person on behalf of Rachel McElhaney, and I was going to take five minutes to say two for rebuttal. Okay, and what about on Ensign and Stille? There's not money tossed for Stille, and I intend to use the remaining time. Okay, are you saving any for rebuttal? Two minutes. All right, well, then, okay. Can I ask Mr. Stille a question? Are you admitted to the Ninth Circuit? Yes, Your Honor, I am. All right, thank you. Okay, so five minutes to Rachel McElhaney's client, and then two minutes for rebuttal. So that's seven. And then Mr. Priest, I'm sorry, then Mr. Stille wanted to use two minutes for rebuttal and then use the rest of the time. Okay, so I think that leaves us down to, what, 11 minutes? So, okay. All right, well, I'm going to tell you when that time comes up, just because part of the problem is sometimes people get caught up in the moment and then the other counsel is sitting at the table with this horrified look on their face, wondering how they're going to get counsel off. So are you going first on McElhaney? I'm going second, Your Honor. Oh, you're going second. All right, so then, Mr. Stille, at 11 minutes, the hook comes out and you sit down. Is that right? Yes. Actually, I thought that he was going second after Mr. Handel. In other words, in front of me. I thought it was him. Right, I'm second after Mr. Handel. All right, so how much time are you taking? Judge, unless the court has any questions, I was going to just rely on my file. I don't know if there's anything I can add. Okay, so he's basically, he's not taking up any of your allotted 20 minutes. I've already taken, if I hadn't stopped the clock, I would have already taken up most of it. All right, then we'll allow you to do that. Thank you. Thank you, Judge. Your Honor, this case is akin to a situation where. I'm sorry. Yes, Your Honor. Donald McPherson on behalf of Rachel McElhaney. Thank you. Please, the court, this case is akin to a situation where a citizen is convicted of speeding on the highway, where the highway sign reads, speed limit calculated in accordance with a mathematical formula, which is most consistent with the formula utilized in 1986. That's a fair analogy. It's a fair analogy because that's what the statute that we're dealing with basically says as to the filing requirement for a federal income tax return. That statute says that the filing requirement, the threshold amount, is based on a formula tied to the consumer price index, the CPI. And the statute on its face says the consumer price index, the revision of the consumer price index, which is most consistent with the consumer price index for calendar year 1986, shall be used. I've challenged the government in my opening. I've challenged them again in my reply brief, now here at oral argument, to show to this court, to tell this court and defendant who decided which consumer price index is most consistent with the one from 1986. How did that person decide that? Because this is a mathematical formula which on its face must be utilized as just described. They haven't even as much as addressed my issues of impossibility, void for vagueness, rule of lenity, and lack of notice, therefore due process violation. They merely say, well, you can walk through it. I submit that the ordinary citizen cannot walk through it. First, we have impossibility because of what I just described. No one knows with this revision which one is most consistent. That's a subjective test that leads to arbitrary enforcement of the law. So it's outright impossible. Even if we didn't have that problem, I submit that the ordinary citizen cannot make the calculation. You have to go, as I've indicated in the ER and also in my appendix, you have to go to the Department of Labor Statistics. They're based on these amounts that are averages by the month, and then they average it by the year. But the average for the year is based on the county year. Well, the statute says you've got to use the physical year ending August. So now the ordinary citizen has got to find the data, then go to the preceding year, pick the months, add it all up, divide it by 12, then compare that to the current year, figure out the ratio, and then apply that fraction or that ratio to the last or to the figure 2,000. And it's frankly mind-boggling to suggest that ordinary citizens should be required to go through this calculation to know what the law requires of them. And then we come back to the Thompson Arms case, which I cited. The government hasn't made any response to that case. That's a firearms case. The Supreme Court in 1992 held that under the rule of lenity, one cannot be punished under the statute, the firearms statute, because it was too confusing to understand. It would lead to arbitrary enforcement. So finally, I say I don't want this court to be concerned about opening a Pandora's box, that the court rules in my client's favor that all these folks are going to say, well, we're not required to file, and it will lead to chaos within our tax system. The remedy is easy with Congress. They can cure this. They can cure it, I shouldn't say in a heartbeat, but as I indicated in the Ratzlaff case when we had the money laundering, the currency transaction report decided by the Supreme Court, the statute was held such that the defendant was acquitted, and within months, I think it was about six months or so, Congress remedied the problem. Congress could do the same thing in this case. And I'd like to save some time for rebuttal. All right. Unless the court has questions. I don't. Thank you. Thank you, Your Honor. May it please the Court. My name is Oscar Stille for the appellants. I'd like to start with the deprivation of counsel argument, and let me say this. I've raised my issues in my brief, and the government has come back and not said anything to rebut the facts or the law. They said, well, it's the test, it's abuse of discretion, so she exercised her discretion, so that's okay. The problem with that theory is that a district court that operates under an erroneous or mistaken view of the law necessarily abuses discretion, so we can't just sidetrack. Well, let me ask you this. Starting, do you agree that we're bound by the Supreme Court's statement in Gonzales-Lopez that the right to counsel of choice does not extend to defendants who require counsel to be appointed for them? Well, I couldn't disagree with that. I couldn't disagree with the United States Supreme Court, but it goes beyond that, because I was already appointed as expert counsel for everybody and as expert and fact counsel for Patricia Ensign before the removal. Now, the district court said it was a conditional appointment. There is no support in the record anywhere for that. I was admitted, and, therefore, I would say that this that you just mentioned there, while it may be a correct proposition, it's not applicable to here. And there's another reason we shouldn't apply that. The district court said that one of the reasons that she did this was because she didn't like two of the pleadings that I had filed, one concerning earnings or wealth and the other concerning the motion to quash the plea. Well, stop and think about where we get if an indigent defendant can lose their lawyer because the district court doesn't like the arguments raised. That is highly improper. So we don't even have that situation. We're past that. I had been appointed unconditionally, and at that point in time, the court would have to have a legal basis to dismiss me from that case. All right. Well, I think that the legal basis that the court, and what we have in the record, was that the information that you included, that apparently the government attorney called to the court's attention, certain pending disciplinary matters that were not disclosed in your petition for Pro Hot Fiji. And that's what the court based it on, right? Well, let's start with that first. The district court thought I hadn't filed an affidavit and later admitted that I had filed the affidavit. I don't know how she lost it, but it's not my fault. And I don't think that the defendant should be punished for what the district court didn't have. Now, when did she move for you to be Pro Hot Fiji counsel? That was the 25th of January of 2005. Where was it in the trial proceedings? Did I say that after the jury had been selected? No, it was well before. See, here's what happened. First I became an expert counsel for everybody. That was in 2004. Early 2005 I became counsel for both expert and fact counsel. And then later, after the trial started, I tried to come in for both for Ensign as counsel for all purposes and for the rest as, well, for all purposes for Patricia Ensign at that point in time. And that was after jury selection, right? That's correct. Okay. But I had tried at this court to get a mandamus to address these issues. And you lost on that, right? That's correct. The rationale being you can come back at some later point in time and address these issues. And this is the point in time, as I understand it, that we would have to do that. Now, concerning the other issues, one of these at page record excerpts 292 and 293 you can see, one of these, the other clearly disciplinary matter, I had no knowledge of that. And that was brought to my attention because somebody called the Committee on Professional Conduct in Arkansas. They disclosed that. They were not supposed to. It violates the rules. They disclosed it. And then that was brought to my attention then. That's still not been adjudicated, not even at the most basic level. I could still win altogether on that. And I think it's highly improper for somebody to be punished for something that they didn't have any knowledge about. Well, my understanding is the court, not so much in terms of, you know, how it would ultimately come out, but isn't the court allowed to weigh that in terms of whether there would be possible interruption in the proceedings in terms of, say, if you have pending actions and, say, for example, that you could ‑‑ I saw that I think that the government raised at some point the potential for being ‑‑ the court was concerned about that you could be jailed for a contempt order or something along those lines and it would cause disruption in ‑‑ was this a ‑‑ it was a fairly lengthy jury trial, correct? It was a fairly lengthy jury trial. Let me say this, though. As I explained to the district court, that was not within the realm of possibilities. I mean, at least the possibility was infinitesimal and small. I did serve the 30 days early this year and I did serve an additional ‑‑ I just got out of jail Friday for an additional three weeks on the same situation. There's no way that that could have ‑‑ no practical way that that could have interfered with the trial. And I explained that to the district court. My availability was, for all practical purposes, guaranteed. And the history of the matter shows that I would have been there at 12. For nearly the whole thing, I was there anyway. My understanding was it wasn't just your possible unavailability. It was the fact that you had been subject to three disciplinary proceedings and it's within the discretion of the judge to weigh and balance whether or not there's a need for fairness, there's a need for efficiency and ethical representation. So that was one of the factors. It wasn't just your availability. It was the fact that you had been subject to three, if I'm correct, disciplinary proceedings. Isn't that correct? No, it wasn't three. Well, it was three, but one of them I had no knowledge about. One of them I did disclose and the district court went ahead and let me in. Otherwise, there was another one that it was a Rule 11 sanction, which I didn't think of that as being a disciplinary matter. There are other rules where it says Rule 11 sanctions, disciplinary matters, et cetera. I did brief the court on that. You didn't think the Rule 11 sanction was a disciplinary action? No, I did not. I did not. And when I applied the second time, obviously I put that in. I mean, and there was no reason not to. Everybody knew. I was not trying to hide anything. But when I see disciplinary action, I see Arkansas Ethics Commission or some other ethics body. And the district court, if you look at Record Excerpts 180 and 184, you'll see the district court plainly said that she would consider whether these courts were confident or not. And here's what the deal is. I put in my brief Worldwide Volkswagen, Henry Crow, Massengale, three cases that clearly say you cannot use a judgment taken in defiance of the Constitution. In this case, incompetent court. You can't use that. You can't rely on that anywhere else. Worldwide Volkswagen says this void in the rendering state can't be right. Full faith and credit does not apply. That's what I asked for the district court to do, and that's what, at page 184, it's just plain that she said I'll do that. And then when it came down to it, and when I made it very, very clear that these were incompetent courts in Arkansas, it didn't happen. I mean, I've got on the Rule 11 sanctions, the judge who imposed those was an agent for the litigant, UAFS, at the time that he rendered the decision. When I confronted him about it, he said it wasn't true, but he said if you can bring me evidence, or he said I was misinformed, but if I could show him evidence, then he would consider it. Well, I tried five times, and he has refused every single time to consider that because the evidence is overwhelming. Record excerpts show that my allegations are true. Clearly, and the government doesn't even want to challenge this, clearly we have incompetent courts and judgments. And that's not an insult. That is a legal term that describes a court that has a bias, has a legal reason that they can't sit in judgment. Therefore, no, the court can't rely on that to weigh and to balance that, because if you do that, the constitutional protections, they're all out the window. Well, counsel, I don't want to embarrass you, but you said you just got out of jail. Yes. And for what reason were you in jail? I was put in jail because there was an order that required me to turn over client confidential information and also to surrender 100 percent of all receipts, including gifts and loans, with no exception for client trust funds, which is also, that's not legal. And I had to, it took that period of time in order to raise the money, $20,000 to pay, and the court had said that he would exercise his discretion at that point in time, and he did let me out because that was what that information was designed to try to get, is $20,000. So. You may want to, you're about a minute and a half from where I'm going to reserve your time, so you may want to cover some other areas. Certainly. It certainly does. Let me go to the jury determination. This case started before the ruling that the sentencing guidelines are advisory. Now, let's stop and think about this. If the government can go to the grand jury and get an indictment and have an indictment with sentencing allegations and then just say, no, we don't care about that, we don't want to prove that to the jury, what you do is give the government the right to decide, do I have to prove this beyond reasonable doubt, which is the jury test, or preponderance of the evidence, which is the test when you take it before the court. So I would respectfully submit that all the defendants have, the government has gotten its pound of flesh, and these people should be released because we have nobody even contending that the facts found by the jury would support a sentence of over 6 or 12 months. And I know I'm very short on time here. I want to just hit the PRA real light, but obviously I have very little time. This needs to be tied in with the exempt amount and willfulness. The government has to prove that the defendant was aware of the specific provision of the law that he's accused of violating. The government's own expert didn't even have any knowledge of that. So how can we say that the defendants have that knowledge? We didn't have any evidence of that. And the paperwork reduction act needed to be developed, not just as a legal defense, but also as a defense to take. You're going into your rebuttal time. I'll save my rebuttal. Thank you. Thank you. I think we're ready for the government. Good morning, Your Honors. Mark Detterman for the United States. Defendants here ran innovative financial consultants. It was a service that purported to do what no one else could do, make all of your income tax-free. This was despite the fact that not one of the defendants was a financial professional, tax professional, accountant, or lawyer. This is a case of disingenuous sophistry. Sophistry, I'm sorry. They sold clients these sham trusts called pure trust organizations for $4,000 to $10,000 each. They took in close to $5 million over about six years in business. On paper, the trusts recited requirements such as an independent trustee, but in reality, the clients retained all control over these assets. They told clients that neither the trust nor the client individually had to pay any income taxes on these assets that were put into these pure trusts. So that's just the opening, Your Honors, of what this case is about. If there's any questions you'd like. Well, would it have been error for the district court to have denied defendant Ensign's motion to allow Mr. Stille to be her trial counsel if Mr. Stille had been a member in good standing of the district court's bar? Well, since originally he was applying to act as CJA counsel, I don't think that she has a right to any particular choice of counsel as a CJA counsel. So I don't think that would have been error. All right. But the Pro Hoc Vitae was then that was after jury selection? No, that was before jury selection. That was several months before trial when she denied his Pro Hoc Vitae status. And at that time she already had. It happened after jury selection. That's when he came in and said, I'll do it for free? Yes, he came back in after he had already been denied Pro Hoc Vitae status. He came back in and said, I'd like back in the case. I'll do it under some agreement where I may get paid in the future, possibly. At that time, Ensign did not say that she wanted to get rid of her appointed counsel that had been with her for more than a year. He was apparently going to be extra additional counsel for her. He had already been denied Pro Hoc Vitae admission for numerous reasons that this Court has already gone over that were very appropriate for the judge to deny him Pro Hoc Vitae. So I think that even at that time when he came back right on the eve of trial and asked to do it for free or do it for some additional future compensation, she had no right of choice of counsel because she had appointed counsel at that point in time, and she did not ask to dump her appointed counsel. The only thing troublesome about this is at the time she denied him the status, there were accusations that he had had violations of ethical obligations. But it seems that there could be all sorts of accusations about disappointed clients against a lawyer, and without any adjudication, he could be or she could be denied Pro Hoc Vitae's status. What is your response to that? I guess I'm not sure what time you refer to. Do you refer to that? At the original time when she denied him the status, as I read the record, and I may be wrong, he still had not been adjudicated in the disciplinary proceedings. They were being brought against him, but there had been no adjudication. Am I incorrect on that? Well, I believe that he had been ordered to serve a sentence of 30 days, but he was still appealing that sentence. I think that's correct. At the time she denied him the status? Yes, at the time. So she was – she, in fact, noted that she was worried that he would have to serve that 30 days at some point, and it could interrupt the trial. She did not know when he would have to serve that 30 days. All right. That answers the question. Thank you. Does the Court have any other questions? Well, Mr. McPherson asserted that there's no statute requiring people to file income tax returns, and I've been wondering why for the last 67 years I've been filing income tax returns if there's no law that requires it. Well, the law that – What is the statute you're relying on? Well, the statute regarding the filing threshold that requires anyone over a certain amount to file a return is in section – Internal Revenue Code section 151. And it defines a certain amount. It says it's $2,000, but that $2,000 is subject to a cost-of-living adjustment. And so you multiply the $2,000 by a fraction that's created by determining the current CPI over a base CPI. So it's simply a multiple 2,000, and you multiply that by the current CPI over a base year CPI, which is the 1988 CPI. Excuse me. I wonder who invented that. Well, the law – there are many instances in the law where the CPI is used to determine cost-of-living adjustments. It's all over the law. It's used almost anywhere where a cost-of-living adjustment is necessary. It is not really that complex. You can go to the Department of Labor website. It lists the CPI for 12 months. You have to add those up and divide by 12 to get the average for the year. And then it's simply a fraction multiplied by 2,000. Well, it is a little complicated, but in her case, I'm wondering – I wrote down somewhere here – her income was not even close to that. Yes. In some years, it was in the hundreds of thousands, correct? Well, Defendant McElhaney's income varied between $30,000 and $78,000 in the years of conviction. And Defendant Ensign's income was anywhere between $118,000 and $580,000. Well, the fact that it isn't close, does that really bear on the argument of whether it's vague or – Yes, it does. Because in this case, the judge gave a jury instruction as to what the law is and recited the specific thresholds for each year. And each year, it was approximately $8,500 or so for a single person and approximately $13,500 for a married person. That was the thresholds during these years. And the judge instructed the jury on what was the law. The issue the defendants had to argue was that she had a good faith belief that she did not owe any taxes in those years. I don't think the government is required to show that she knew the specific section or even the specific threshold. The defendant had a defense that she had to show that she had a good faith belief that she was not required to pay. So that all flows into sort of the substantial evidence question. But in terms of if they say that there isn't anything that requires it, that doesn't quite answer that question, right? Yes, I think so. Okay. Any further questions? We don't have any further questions unless you have additional comments. No, Your Honor. I'll reserve my time in case there's additional. Oh, okay. Additional questions? Okay. Thank you. Again, Your Honor, the government has not answered the question about the revision of the Consumer Price Index, quote, which is the most consistent with the Consumer Price Index for County Year 1986 shall be used, end quote. That's in Section 1F, Subsection 5. You cannot walk through the formula without knowing which Consumer Price Index to use. And the choice of Consumer Price Index is subjective. It's the one most consistent with the one in 1986. Well, they haven't told us who made that decision. Yes, the judge gave a jury instruction based on the calculation that the IRS walked through. You can bet the IRS did not tell the judge who made the decision as to the revision. And as to the issue of what's not even close, no, her income is not even close to 2,000. It's way more. But that's back to my analogy on the speeding. If that guy is going down the highway and he's going 120 and it turns out that the government's position is, oh, he should be going no more than 65, well, if there's no notice to the matter whether he's one mile over or going 120, if he's not on notice, you've got due process violation, lack of notice, you've got impossibility, void for vagueness, and this is a criminal case, rule of lenity. And, yes, Your Honor is correct. We've all been filing tax returns for all these years. But this is a criminal case in which the government seeks to punish my client for 16 months. She's now in prison serving that 16-month sentence. And she was not put on notice as to what her requirement under the law is. And that's our position. And, again, they haven't mentioned how they can deal with rule of lenity. They have no answer for rule of lenity. They have no answer to who's made this decision and how is it made as to the revision of the Consumer Price Index, most consistent with the one from 1986, because there is no answer. It's just like the emperor's clothes. There is none. All right. Thank you for your argument. Thank you, Your Honor. All right. We're going to give Mr. Stille two minutes for rebuttal. Thank you. Judge, the first thing that I would say is that I'm a member in good standing. I think it's 11 or 12 bars. I'm in good standing in all those bars and have been for all the times up to the present. When were you admitted to the Ninth Circuit? It's been some years back, but I'm not sure when. I believe that I got admitted in order to bring the mandatement section. If memory serves, I'd have to look and see. I've got that, but I just don't have it right in front of me. I think I have the case number written down. Sure. And as to the time that I returned and tried to come back under the later circumstances, we may have not asked to fire Mr. Gonzales, but certainly that question wasn't asked. He wasn't asked, you know, are you willing to give up Mr. Gonzales in order to get Mr. Stille in? If that had been asked, the question would have been certainly, absolutely. Well, we can't. That's not in the records, so we can't go there. We can't go there, but we shouldn't say that just because somebody didn't volunteer something like that, that they can be deprived of a right so significant as the right to their counsel's choice. And I would say this, that although I told you about the Rule 11 sanctions, none of the distinctly ethics charges have been finally concluded at this point in time. Now I want to shift over just a little bit. The government is saying, well, it's 151D. That's where the law is at. Well, the grand jury said 7203. Now which is it going to be? Well, you've got a right to a grand jury indictment, and that brings us into the right to a proper arraignment. That was what I was trying to get at, at the arraignment, is to nail the government down. What you got in the indictment, that's all we've got. That's the law, but I wanted them nailed down so that we could force them to stick with what they said. Well, they do this all the time, but it's wrong. And it shouldn't be done, and it shouldn't be allowed. If they want to rely on 151D or anything else, all they've got to do is go to the grand jury and say, hey, here's the facts, here's the law, here's the law that they violated, and here's how this individual knew it. Well, they have to prove that they had actual knowledge. It didn't happen in this case, and there should be reversals. And I see my time is just about up, but it's really important, when we look at this, when we look at 151D, the shifting from one statute to another, we've got the willfulness that says you have to show knowledge that the defendant was aware of the specific statute that they're charged with violating. If we don't even know that, it can't be proved, and it wasn't proved in this case. If you have any questions, I will answer. Otherwise, my time is out. Don't appear to be. Thank you all for your argument today. These matters will all stand submitted at this time.
judges: Goodwin, D.W. Nelson, Callahan